Louis J. **SPERA**

v.

James **LEE**, Jr., **Individually and as a Police Officer of Norristown Borough Police Department, Montgomery County, Pennsylvania and Kevin McKeon, Individually and as a Police Officer of Norristown Borough Police Department, Montgomery County, Pennsylvania and William Bambi, Individually and as Chief of Police of Norristown Police Department, Montgomery County, Pennsylvania and the Borough of Norristown Police Department and the Borough of Norristown.**

Civ. A. No. 89–2281.

United States District Court,
E.D. Pennsylvania.

Jan. 23, 1990.

---

Michael J. Morris, Jr., DiGiacomo, Ruth & Morris, Conshohocken, Pa., for plaintiff.

Thomas J. Speers, Plymouth Meeting, Pa., for defendants James Lee, Jr., and Kevin McKeon.

Paul C. Vangrossi, Norristown, Pa., for defendants Chief of Police, William Bambi, Norristown Police Dept. and the Borough of Norristown.

## MEMORANDUM

KATZ, District Judge.

Two police officers have filed Motions for Summary Judgment in a case where one of them mistakenly shot the plaintiff who reported a burglary and was present at the scene with a weapon in his hand.

On January 2, 1987, at a little after 9:00 p.m., Louis Spera's phone rang. On the line was one of Spera's tenants, Sharon Yannarell, calling to tell him that the rear door to the apartment she rented at 601 East Oak Lane in Norristown, Pennsylvania had been broken into. Yannarell feared that a burglar might still be inside, but she did not know the number of the Norristown Police. Spera told her to wait outside in his car, a blue Honda Accord that he had loaned to Yannarell, and that he would call the police and then come over.

Before leaving his home at 822 Cedar Lane, also in Norristown, Spera placed a call to the Norristown Police. The dispatcher handling the call was Officer William Tims, a four-year department veteran. There is some dispute as to what was said during this conversation. Spera's version

is that he told Tims who he was, the location of the incident, that Yannarell was waiting in blue Honda Accord, that there might be a burglar inside the apartment, and that he intended to proceed to his property in his van bearing his name. Tims states that Spera informed him of the incident and that he told Spera not to go near the house and not to go inside. According to Tims, he then asked Spera to stay on the line while he dispatched a car. He then got back on the line, but Tims' recollection is that Spera had hung up before giving Tims his name. It is undisputed that Spera never said he planned to be armed with a handgun.

After getting off the phone with Tims, Spera proceeded to the scene. He parked his van on the lawn so that the headlights lit the rear entrance to Yannarell's apartment and left the engine running. He walked over to the Honda, in which Yannarell had locked herself, and got out his .38 caliber snub nosed revolver. Spera was licensed to carry a firearm. Spera and Yannarell then went to the back door of the apartment.

As Spera left for 601 East Oak Lane, Tims dispatched Officers James Lee and Kevin McKeon, who were riding in Norristown Police car number eight. According to Tims, he told Lee and McKeon that a burglary was in progress and that the tenant was outside in a blue Honda, but did not inform them that Spera was on his way.[1] McKeon and Lee pulled up in front of the house and left the squad car parked on East Oak Street. They then split up and took opposite routes toward the rear of the house—McKeon the easterly and Lee the westerly.

When Spera and Yannarell saw the squad car arrive, they yelled and gestured for the officers to come around back but received no response. Spera then sent Yannarell around the easterly side of the house to tell the officers that the trouble was in back. Spera remained on the rear porch. Spera saw McKeon approaching, recognized him, called to him by name and

---

1. According to Spera, Tims did say that Spera was proceeding to the scene. Spera points to

nothing in the record to substantiate this assertion.

gave him instructions that the back was covered and that he should cover the front. According to both Yannarell and Spera, McKeon yelled "okay". McKeon admits that he heard an unidentified voice and initially followed the instructions, but he denies verbally responding to Spera.

Seconds after yelling to McKeon, Spera heard another voice shouting "yo." Spera still had the gun in his hand but maintains that the small weapon was concealed in his palm. Upon hearing this yell, he began to turn to see who was there. As he was turning, Lee shot him in the left leg. Spera claims that he never raised the gun or brandished it in a threatening manner.

Lee's account of the shooting is substantially different. He claims that as he approached the rear of the house, he saw a white male holding a small revolver in his right hand at his side. Fearing for his own safety and that of McKeon, he drew his weapon and shouted either "police stop" or "stop police." Lee then saw Spera turn and raise his gun toward him. Thinking that he was going to be shot, Lee fired first.

 The test is whether McKeon or Lee used objectively reasonable force against Spera. *Graham v. Connor,* — U.S. ——, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). McKeon used no force; at most, he was negligent for failing to coordinate with Lee. Whether Lee used objectively reasonable force raises genuine issues of material fact under the circumstances of this case, as does the issue of Lee's qualified immunity. Since there is no viable federal claim against McKeon, the pendent claims against him are dismissed.

## ORDER

AND NOW, this 23rd day of January, 1990, it is hereby ORDERED that Lee's Motion for Summary Judgment is DENIED and McKeon's Motion for Summary Judgment is GRANTED.