PER CURIAM.
We affirm in part an order dismissing a claim arising out of a police shooting incident, alleging a civil rights violation under 42 U.S.C. § 1983. The complaint fails to allege knowing and intentional or willful, rather than negligent, conduct amounting to an unconstitutional seizure of the victim of the shooting. Cf. Brower v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989); Dodd v. City of Norwich, 827 F.2d 1 (2nd Cir.1987), cert. denied, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 653 (1988); Matthews v. City of Atlanta, 699 F.Supp. 1552 (N.D.Ga.1988). However, the court should not have dismissed the claim with prejudice as plaintiff should be afforded the opportunity to amend. We additionally note that upon such amendment, the questions of whether the defendants’ conduct was unreasonable and constituted excessive force is a fact issue to be resolved by trial, or on a motion for summary judgment, and not by a motion to dismiss. Cf. Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Samples v. City of Atlanta, 846 F.2d 1328 (11th Cir.1988); Acoff v. Abston, 762 F.2d 1543 (11th Cir.1985); Spera v. Lee, 728 F.Supp. 366 (E.D.Pa.1990).
The order is affirmed in part but reversed as to prejudice and remanded.
ANSTEAD and STONE, JJ., and OWEN, WILLIAM C., Associate Judge, concur.